gain unfair financial advantage of its insured through conduct that invades the insured's right to honest and fair treatment," *Zilisch,* 995 P.2d at 280 (internal quotation omitted), the district court did not make findings that Phoenix "force[d] [Huggett] to go through needless adversarial hoops to achieve [her] rights under the policy" by "lowball[ing] claims or delay[ing] claims hoping that [Huggett] would settle for less." *Id.* Therefore, we vacate the district court's bad faith ruling and remand for a re-determination of the issue. On remand, the district court may take additional evidence on the relevant factual issues.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

MEMORANDUM *

We affirm for the reasons stated by the learned trial judge.

AFFIRMED.

**June E. TAYLOR, Plaintiff—Appellant,**

v.

**CITY OF SEATTLE; Norm Stamper, Chief of Police; Norma Penman; John Doe Penman; Marsha Camp; John Doe Camp; Larry Smoke; Jane Doe Smoke; John Does, defendants who will be named after discovery, Defendants—Appellees.**

No. 99–35731.

D.C. No. CV–98–00138–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 16, 2001.

**Spencer TURNER; Lolita Turner, husband and wife, Plaintiffs– Appellees,**

v.

**PRUDENTIAL PROPERTY MANAGEMENT; Chandler P. Lall; Steven Wise, Defendants–Appellants.**

No. 99–35931.

D.C. No. CV–98–00657–C.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2001.

Decided March 16, 2001.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.